Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone: (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
GUILLERMO ESPINOZA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO ESPINOZA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A.<br><br>　　　　　Defendant(s), | Case No.: **'18CV2090 H    MDD**<br><br>COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. GUILLERMO ESPINOZA (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against CAPITAL ONE N.A. (hereinafter referred to as "Capital One" or "Defendant") pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing

System ("ATDS") and/or Artificial or Prerecorded Voice after Plaintiff revoked consent to be contacted by said means in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The California legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereinafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct. at 744.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

7. This action is based on Capital One's violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section § 227, et. seq.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court further has supplemental jurisdiction over Capital One as to Plaintiff's California Causes of action, as those claims arise out of the same case and controversy.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Capital One regularly conducts business within State of

California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

11. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

13. On information and belief, Plaintiff alleges that Capital One is, and at all times mentioned herein was, chartered as a national bank, with its primary business address in Virginia, and doing business throughout the country, including this District. Capital One is, and at all times mentioned herein was, registered with the California Secretary of State as doing business within the State of California.

14. A significant portion of Capital One's business operations are dedicated to collecting debts owed to it, primarily consumer credit card debt. Part of Capital One's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due debts.

15. Capital One is, and at all times mentioned herein, was a corporation and a "person" as defined by 47 U.S.C. § 153(39).

16. Capital One regularly attempts to collect on "consumer debts" owed to it, as that term is defined by Cal. Civ. Code §1788.2(f), through the use of mails, electronic communication, and telephone. Therefore, Defendant Capital One is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. At all times relevant hereto, Capital One used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1), and/or made calls to Plaintiff using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A).

18. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Thus, this action involves the collection of "consumer debt" resulting from "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

19. Plaintiff incorporates by reference and realleges Paragraphs 1-18 above as if fully stated herein.

20. Plaintiff previously held an unsecured consumer credit account with Capital One. Plaintiff made payments toward the credit account, but eventually fell on financial hardship and was unable to maintain the regular monthly payments.

21. Upon going into default, agents for Capital One called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 1-5 times per day, almost every single day.

22. On multiple occasions, Capital One left Recorded Voice messages for Plaintiff to call Capital One back.

23. Plaintiff sought out and retained an attorney to represent him with regards to the debt that Capital One was collecting on.

24. On March 21, 2018, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendant Capital One ("Cease and Desist Letter").

25. In the Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name,

stated and identified the last four digits of Plaintiff's social security number, and explained that a formal demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.

26. The Cease and Desist letter expressly revoked consent to contact Plaintiff in any fashion, including via calling him with the use of an Automated Telephone Dialing System and/or Recorded Voice.

27. On March 21, 2018, Plaintiff's Counsel sent the Cease and Desist Letter referenced in paragraph 24 and 25 above to Capital One at four (4) different facsimile numbers owned by Capital One.

28. The Cease and Desist letter was confirmed as received by Capital One at multiple facsimile numbers owned and/or operated by Capital One.

29. After Capital received multiple copies of the Cease and Desist Letter, whereby they were informed by Plaintiff's Counsel to cease calling Plaintiff, Capital One or its agents, or representatives, continued to make multiple collection calls to Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice.

30. Further, Capital One, or its agents or representatives, continued to call Plaintiff using an ATDS and/or Recorded Voice multiple times per day in rapid succession.

31. Further, on multiple occasions from March 2018 through May of 2018, Plaintiff picked up collection calls from Capital One and informed representatives of Capital One that Plaintiff had retained counsel and instructed Capital One's representatives to cease contacting Plaintiff.

32. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.   Despite said telephone calls, Capital One continued to call Plaintiff using an ATDS and/or Recorded Voice.

33. On information belief, Capital One, or its agents or representatives, contacted Plaintiff on his cellular telephone over fifty (50) times from March 22, 2018 through August 31, 2018, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

34. To date, Capital One continues to contact Plaintiff repeatedly, despite receiving irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding this alleged debt.

35. These collection calls made by Capital One to Plaintiff referenced above, were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

36. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called the Plaintiff at certain times from random numbers, usually multiple times a day with varying call times.

37. Many of Capital One's calls to Plaintiff after receiving receipt of the March 21, 2018 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

38. The multiple calls made by Defendant or its agents after March 21, 2018 were therefore made in violation of 47 U.S.C. § 227(b)(1).

39. Further, when Plaintiff answered the telephone, Defendants were rude, abusive, and aggressive when they called to collect from Plaintiff.   They would rebuke his requests to cease calling and have continued to harass Plaintiff to date, despite his repeated oral and written requests to cease their harassment.

40. These interactions and unlawful debt collection practices caused emotional distress to Plaintiff.

41. Plaintiff has received so many collection calls by Defendant that his voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of his cellular telephone plan.

42. Upon information and belief, Capital One regularly makes autodialed telephone calls with Recorded Voices in order to collect on its claims.

43. Upon information and belief, Capital One's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

44. Upon information and belief, the telephone equipment used by Capital One to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

45. Capital One's collection calls to Plaintiff describe herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

46. Capital One's collection calls to Plaintiff describe herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

47. Capital One placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

48. Capital One's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that Capital One repeatedly interrupted Plaintiff with unwanted call using an ATDS and/or Recorded Voice for collection purposes.

49. Through Capital One's aforementioned conduct, Plaintiff suffered an invasion

of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

50. Capital One's calls forced Plaintiff to live without the utility of his cellular phone by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

51. As a result of Capital One's relentless and harassing collection calls and letters, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

52. These calls have consumed his day and have caused a severe disruption to his life, due to their severe frequency.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(CAL. CIV. CODE § 1788.14(C))**

53. Plaintiff realleges and incorporates by reference Paragraphs 1 through 52, inclusive, as if fully set forth.

54. When Plaintiff's Counsel sent the Cease and Desist Letter to Capital One on March 21, 2018 to Capital One at multiple fax numbers owner and/or operated by Capital One, as well as when Plaintiff orally informed Capital One's agents on multiple occasions he had retained Counsel, Defendant Capital One was made aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding this debt.

55. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> > (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.  This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

56. By calling Plaintiff over fifty (50) times since receipt of the Cease and Desist Letter from Plaintiff's Counsel, Capital One violated Cal. Civ. Code §1788.14(c).

57. As a result of the constant collection calls from Capital One, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by Capital One are overwheling.  Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

58. Therefore, as a direct and proximate result of the unlawful collection efforts by Capital One, Plaintiff suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

59. Plaintiff realleges and incorporates by reference Paragraphs 1 through 58, inclusive, as if fully set forth.

60. Through both the Cease and Desist Letter, and orally via the telephone, Plaintiff revoked any alleged consent for Capital One to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

61. The foregoing acts and omissions of Capital One constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

62. As a result of Capital One's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 63, inclusive, as if fully set forth.

65. Through both the Cease and Desist Letter, and orally via the telephone, Plaintiff revoked any alleged consent for Capital One to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

- 11 -
*Espinoza v. Capital One, N.A. - Complaint for Damages*

66. The foregoing acts and omissions of Capital One constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

67. Therefore, since Capital One continued to call Plaintiff despite indisputably being informed to not call Plaintiff through five (5) different means, Capital One's acts were willful.

68. As a result of Capital One's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

69. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant herein, respectfully request this Court enter a Judgment against Defendant as follows:

   a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls and other debt collection efforts;

   b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

   c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

   d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1),

pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

e.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over 50 knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), totaling in excess of $75,000.00, pursuant to 47 U.S.C. §227(b)(1); and

f.  For such other and further relief as the Court may deem just and proper.

**BLC LAW CENTER, APC**

Dated: September 7, 2018        By:    /s/ Ahren A. Tiller
                                        Ahren A. Tiller, Esq.
                                        BLC Law Center, APC
                                        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

**BLC LAW CENTER, APC**

Dated: September 7, 2018      By:    /s/ Ahren A. Tiller
                                            Ahren A. Tiller, Esq.
                                            BLC Law Center, APC
                                            Attorneys for Plaintiff