# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ESPINOZA,<br><br>                           Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>                          Defendant. | Case No.: 3:18-cv-02090-H-MDD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT AND ADD PARTIES**<br><br>[Doc. No. 18] |

    On March 25, 2019, Plaintiff Guillermo Espinoza filed a motion for leave to file a first amended complaint and add new parties pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20. (Doc. No. 18.) Defendant Capital One Bank (USA), N.A., erroneously sued as Capital One, N.A., opposed the motion on April 22, 2019. (Doc. No. 20.) Plaintiff filed his reply on April 29, 2019. (Doc. No. 21.) For the following reasons, the Court grants Plaintiff's motion for leave to file his First Amended Complaint.

/ / /

/ / /

# BACKGROUND

On September 7, 2018, Plaintiff filed the present case against Defendant alleging violations of the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. (Doc. No. 1.) On October 18, 2018, Defendant filed an answer to Plaintiff's complaint. (Doc. No. 6.) On February 1, 2019, the parties attended an Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") before the magistrate judge. (Doc. No. 12.) Following the ENE/CMC, the magistrate judge issued a scheduling order regulating discovery and other pretrial proceedings. (Doc. No. 17.)

During the ENE/CMC, Defendant argued that it is not liable because a different Capital One entity is the appropriate named Defendant for Plaintiff's claims. (Doc. No. 18-1 at 2.) Thus, Plaintiff's counsel began investigating the corporate structure of Capital One Financial Corporation and its subsidiaries. (Id.) Based on such investigations, Plaintiff's counsel drafted the proposed First Amended Complaint naming Capital One, N.A., Capital One Financial Corporation, and Capital One Bank (USA), N.A., and alleging that the three entities have a unity of interest and that they are alter-egos and vicariously liable for one another's actions. (Id.; Doc. No. 18-4, Exh. 2.)

Plaintiff provided the proposed First Amended Complaint to Defendant's counsel on March 19, 2019, requesting that Defendant consent to granting Plaintiff leave to file his First Amended Complaint. (Doc. Nos. 18-1 at 2; 18-3, Exh. 1.) Defendant did not consent to the changes. (Doc. No. 18-3, Exh. 1.) Accordingly, Plaintiff filed the instant motion for leave to file its First Amended Complaint on March 25, 2019. (Doc. No. 18.) Plaintiff's counsel represents that Defendant has not propounded any discovery requests on Plaintiff and neither party has designated any expert witness. (Doc. No. 18-2, Tiller Decl. ¶ 7.) Further, Defendant's responses to Plaintiff's first set of written discovery requests are not due until May 13, 2019, a deadline which includes a 21-day extension requested by Defendant.

///

# DISCUSSION

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." Id. Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Absent prejudice—the factor carrying greatest weight—"or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Exercising its discretion to grant or deny leave to amend, the Court "must be guided by the underlying purpose of Rule 15," that is, "to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

After considering the parties arguments, the Court concludes that the factors weigh in favor of granting Plaintiff leave to file his First Amended Complaint. Defendant argues that it will be prejudiced because it is a wholly separate entity from the other Capital One entities. (Doc. No. 20 at 3.) The Court however concludes that Defendant has not shown any significant risk of prejudice. Plaintiff's factual allegations remain largely the same. Further, Defendant does not dispute that the other factors—bad faith, undue delay, and whether the plaintiff has previously amended the complaint—are not present here. There is no evidence of bad faith on the part of Plaintiff. There is no undue delay because Plaintiff filed its motion less than two months after the ENE/CMC, which initiated his counsel's

investigation into Defendant's corporate structure. Plaintiff represents that Defendant has not yet propounded or responded to any discovery requests. Additionally, this will be Plaintiff's first amendment.

Defendant also argues that amendment would be futile because it had no involvement in the claims at issue. (Doc. No. 20 at 3.) "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground [s] is rare.'" Defazio v. Hollister, Inc., No. Civ. 04–1358, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quotation omitted). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Netbula v. Distinct Corp., 212 F.R.D. 534, 645 (N.D. Cal. 2003). Here, Defendant's opposition to Plaintiff's motion fails to make any strong showing that amendment would be futile. Plaintiff's proposed First Amended Complaint alleges facts relating to culpability of each of the Defendants. (Doc. No. 18-4, Exh. 2 ¶¶ 18–24, 32.) Particularly because the other Johnson factors weigh in favor of granting leave to amend, the Court concludes that Defendant's arguments regarding the substance of Plaintiff's complaint are better addressed on a later challenge on the merits. See Webb, 655 F.2d at 979.

Finally, Defendant argues that joinder of Defendants is improper. Under Federal Rule of Civil Procedure 20(a)(2), joinder of defendants is proper if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Plaintiff's proposed First Amended Complaint meets this standard because he alleges that Capital One, N.A., Capital One Financial Corporation, and Capital One Bank (USA), N.A. are vicariously liable for his claims. (Doc. No. 18-4, Exh. 2.) When these requirements are met, "a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000). After consideration, the Court

4

3:18-cv-02090-H-MDD

concludes that Defendants would not be prejudiced by the Court permitting Plaintiff to file his First Amended Complaint and therefore, joinder of Defendants is proper.

## **CONCLUSION**

Accordingly, after a careful analysis of the factors set forth in Johnson, for good cause shown, the Court grants Plaintiff's motion for leave to file his First Amended Complaint. Plaintiff must file his First Amended Complaint by **May 16, 2019**. Defendants have thirty (30) days after being served Plaintiff's First Amended Complaint to file an answer or otherwise respond.

**IT IS SO ORDERED.**

DATED: May 2, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT